**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LAURA M. GOSNEIGH,

        CASE NO.:   8:16-cv-03040-VMC-AEP

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY UNITED STATES CIRCUIT COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, LAURA M. GOSNEIGH ("Plaintiff"), by and through undersigned counsel, hereby respectfully submits her response to Defendant Nationstar Mortgage LLC's Motion to Stay Proceedings Pending Ruling by United States Circuit Court of Appeals for the District of Columbia with Incorporated Memorandum of Law (the "Motion") [D.E. 20] and states the following in opposition:

**INTRODUCTION**

In its Motion, Defendant, Nationstar Mortgage, LLC ("Defendant"), asserts that this case should be stayed pending the D.C. Circuit Court of Appeal's decision in *ACA International v. Federal Communications Commission*, Case No. 15-1211 (July 13, 2015) ("*ACA International*"). However, Defendant has not established a clear case of hardship or inequity to meet the high burden required to stay this case. It is Defendant's position that the ruling in *ACA International* will "either extinguish [Plaintiff's] claims or set forth the scope of any continued proceedings in this matter." As will be shown below, Defendant has failed to meet the significant burden of

establishing that a stay is warranted in this matter. Therefore, Defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [D.E. 20] should be denied.

## BACKGROUND

Plaintiff filed the instant action based upon Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 et seq. (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. (hereafter the "TCPA"). Specifically, this case is based upon 47 U.S.C. § 227(b)(1)(A)(iii), Fla. Stat. §559.72 (7) and Fla. Stat. §559.72 (18). The TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), states, "it shall be unlawful for any person within the United States, or any person outside the United States, if the recipient is within the United States, to make any call using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to make at least one hundred thirty two (132) telephone calls to Plaintiff's cellular telephone. The phone calls to Plaintiff's cellular telephone were made by the Defendant after being notified in both in writing and verbally to cease contact with Plaintiff and to direct all communication to Plaintiff's attorney. Defendant is now seeking to stay this proceeding, contending that the D.C. Circuit's decision in *ACA International* will be dispositive of Plaintiff's TCPA claim.

## MEMORANDUM OF LAW

"When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must properly limit the scope of the stay. A stay must not be 'immoderate.'" *Ortega Trujillo v. Conover & Co. Communications, Inc.,* 221

F.3d 1262, 1264 (11th Cir. 2000) (citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982). To determine if a stay is immoderate, the Eleventh Circuit has instructed that it will examine the "scope of the stay (including its potential duration) and the reasons cited by the district court for the stay." *Ortega,* 221 F.3d at 1264 (citing *Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976).

### A. Other Federal Courts In This Jurisdiction And Other Jurisdictions Have Denied Stays Pending A Ruling In ACA International

Courts in this district have denied motions to stay proceedings pending a ruling by the D.C. Circuit under similar circumstances. *Rodriguez v. DFS Services, LLC,* Case No. *:15-cv-2601-T-30TBM, 2016 WL 369052 (M.D. Fla. 2016) (concluding that a stay pending a ruling from the D.C. circuit does not promote judicial economy and is thus not warranted); *Sliwa v. Bright House Networks, LLC*, 2:16-cv-235-FtM-29MRM (M.D. Fla. 2016) (finding that a stay of the case was unwarranted because the D.C. Circuit's decision will not require immediate dismissal of Plaintiff's TCPA claim); *Coniglio v. Iqual Corporation*, 8:15-cv-2406-T-33AEP, 2015 WL 8521288 (M.D. Fla. 2015) (acknowledging that although changes to the TCPA may be on the horizon, the Defendant did not meet its burden of establishing a need to stay the current case). Also, courts in the Southern District of Florida have denied motions to stay proceedings pending a ruling by the D.C. Circuit. *See Mancini v. JPMorgan Chase Bank, N.A.* No. 1:15-cv-61524-UU, 2016 WL 1273185 (S.D. Fla. 2016) (finding that it was unnecessary to stay the case pending a ruling by the D.C. circuit). Therefore, this Court should follow the precedent established by the above cited cases and deny Defendant's Motion to Stay.

### B. The Granting of a Stay Would Prejudice Plaintiff

A stay should not be imposed if the alleged benefit of a stay is outweighed by the prejudice it causes the non-movant. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Here, a stay pending

issuance of a ruling by the D.C. Circuit is unnecessary and unwarranted due to the uncertainty of when a ruling will be issued. There is no precise timeline for when the D.C. Circuit will render its ruling in *ACA International* and speculating on the timing of this decision does not warrant a stay. There could also be an appeal filed with the Supreme Court, which would cause further delays. *See Schwyhart v. AmSher Collection Services, Inc.,* Case No. 2:15-cv-01175-JEO, 2016 WL 1620096 (N.D. Ala. 2016) (noting that "there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite—and perhaps lengthy—delay were a stay to be granted here"); *See Also Lathrop v. Uber Technologies, Inc.,* Case No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. 2016) (stating the decision by "the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order" and "[w]hichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court.").

Additionally, discovery in this matter has not yet begun and a prolonged stay risks the irretrievable loss of evidence. In order to properly vet the issues presented, Plaintiff will need to take depositions of current employees, make inquiries into company policies and procedures concerning the use of its automatic telephone dialing system and use of artificial or pre-recorded voices during contact with customers, and review potentially hundreds of pages of call logs and recordings. Witness memories fade over time, original documents can be lost before trial, and thus a protracted stay leads to irreversible loss of needed information. *See Young v. Peraza*, No. 15-cv-60968 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time"). In addition, discovery in this case will be needed regardless of the outcome in *ACA International*. *Lathrop,* 2016 WL 97511, at *4 ("Even if the D.C. Circuit to modify or vacate

the 2015 FCC Order, factual disputes, such as whether an ATDS was used and whether text recipients provided their consent, will remain here."). As such, discovery still needs to be conducted and there is a real risk that important information may be destroyed or lost if a stay is granted.

Furthermore, Plaintiff's complaint as drafted, specifically states that Defendant used an automatic telephone dialing system **or an artificial or prerecorded voice** to place telephone calls to Plaintiff's cellular telephone (emphasis added). *See Vaccaro v. CVS Pharmacy, Inc.,* 13-cv-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. 2013) (noting that because § 227 of the TCPA "is written in the disjunctive, plaintiffs can state a claim under the TCPA by alleging the use of (1) 'an artificial or prerecorded voice' or (2) an ATDS."). The verified complaint further states that on April 20, 2016, Plaintiff received a phone call from Defendant to her cellular telephone that used an artificial or prerecorded voice [D.E. 1 ¶15] and some of the telephone calls received by Plaintiff on her cellular telephone used artificial or pre-recorded voices [D.E. 1 ¶ 24]. Therefore, this case does not rely solely upon the definition of an "automatic telephone dialing system," which is the only definition currently pending further clarification in *ACA International*. The definition of an "artificial or pre-recorded voice" or the use of an "artificial or pre-recorded voice" is not presently in dispute in *ACA International* and is at issue in the present case. Discovery in this matter would further identify that the calls made to Plaintiff were done so not only using an automatic telephone dialing system, but with an artificial or pre-recorded voice, which is also a violation of the TCPA. Because the alleged benefit of a stay espoused by the Defendant is outweighed by the prejudice, Defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [D.E. 20] should be denied.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that the Defendant's Motion to Stay Proceedings Pending Ruling by United States Circuit Court of Appeals for the District of Columbia with Incorporated Memorandum of Law [D.E. 20] be denied in its entirety.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Notice has been served by electronic mail upon all parties and counsel identified on the CM/ECF service list created and maintained by the Court for this case, on January 31st, 2017.

**BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 013183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiff**