UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURA M. GOSNEIGH,

    Plaintiff,

v.                              Case No. 8:16-cv-3040-T-33AEP

NATIONSTAR MORTGAGE, LLC,

    Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Nationstar Mortgage, LLC's Motion to Stay (Doc. # 20), filed on January 17, 2017. Plaintiff Laura Gosneigh filed a response on January 31, 2017. (Doc. # 23). For the reasons that follow, the Motion is denied.

**Discussion**

Gosneigh initiated this action against Nationstar on October 28, 2016, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq. (Doc. # 1). Specifically, Gosneigh alleges that Nationstar made numerous calls to her cellular telephone without her consent using an automated telephone dialing

system (ATDS) or an artificial or prerecorded voice. (Id. at ¶¶ 21, 41).

On January 17, 2017, Nationstar filed its Motion to Stay, arguing that a stay is "appropriate because an important legal issue that may be dispositive of this case is currently pending before the United States Circuit Court of Appeals for the District of Columbia." (Doc. # 20 at 1). That case, ACA International v. Federal Communications Commission, Case No. 15-1211 (D.C. Cir. 2015), questions the FCC's redefinition of the term ATDS in the agency's July 10, 2015, Order. (Id. at 2, Ex. A). Nationstar argues that the ACA International decision may be dispositive, or at least clarify the issues in this case, because "whether Nationstar used an [ATDS] as defined by the TCPA and by the [FCC]" is directly at issue. (Id. at 2).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997)(citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Deciding whether to stay a case "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

This Court considers "several factors when evaluating a request for a stay, including prejudice to the non-moving party, whether the requested stay would simplify and clarify the issues, and whether the potential stay would reduce the burden of litigation on the parties and on the court." Mackiewicz v. Nationstar Mortg., LLC, No. 6:15-cv-465-Orl-18GJK, 2015 WL 11983233, at *1 (M.D. Fla. Nov. 10, 2015)(citing Freedom Sci., Inc. v. Enhanced Vision Sys., No. 8:11-cv-1194-T-17AEP, 2012 U.S. Dist. LEXIS 11410, at *2 (M.D. Fla. Jan. 21, 2012)).

Federal courts routinely exercise their power to stay a proceeding where a pending decision in another court would "have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009); see also Coatney v. Synchrony Bank, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016)(staying TCPA case because "[t]he issue in ACA International bears directly on the instant case in that the ruling will determine whether the equipment that Defendants allegedly used to make telephone calls to Plaintiff is considered an ATDS for purposes of the TCPA").

But, here, the decision of ACA International will not be dispositive. In the Complaint, Gosneigh alleges that she received both calls using an ATDS and calls using an artificial or prerecorded voice. (Doc. # 1 at ¶¶ 21-22, 24). Section 227 of the TCPA makes it unlawful to make collection calls using an ATDS *or* an artificial or prerecorded voice, so "plaintiffs can state a claim under the TCPA by allegin[g] the use of (1) an 'artificial or prerecorded voice' or (2) an ATDS." Vaccaro v. CVS Pharmacy, Inc., No. 13-CV-174-IEG RBB, 2013 WL 3776927, at *1 n.2 (S.D. Cal. July 16, 2013)(citing 47 U.S.C. § 227(b)(1)(A); Vance v. Bureau of Collection Recovery LLC, No. 10-cv-06324, 2011 WL 881550, at *3 (N.D. Ill. Mar. 11, 2011)).

Thus, ACA International "will not affect [Gosneigh's] contention that [Nationstar] called [her] using a prerecorded or automated voice, which is an independent basis for stating a claim under the TCPA." Sliwa v. Bright House Networks, LLC, No. 2:16-cv-235-FtM-29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016)(declining to stay TCPA case pending decision of ACA International); see also Rodriguez v. DFS Servs., LLC, No. 8:15-cv-2601-T-30TBM, 2016 WL 369052, at *3 (M.D. Fla. Feb. 1, 2016)(stating ACA International did not warrant a

stay because it would "have no effect on the viability of Rodriguez's lawsuit as pled in her complaint").

As the ACA International decision would not dispose of all the issues in this case, a stay would primarily be "in the interests of judicial economy, which the Supreme Court has found to be insufficient justification for a stay pending a similar proceeding." Mancini v. JPMorgan Chase Bank, N.A., No. 1:15-CV-61524-UU, 2016 WL 1273185, at *1 (S.D. Fla. Mar. 28, 2016)(citing Landis, 299 U.S. at 257); see also Coniglio v. Iqual Corp., No. 8:15-cv-2406-T-33AEP, 2015 WL 8521288, at *1 (M.D. Fla. Dec. 3, 2015)("ackowledg[ing] that important developments in [TCPA] law may be on the horizon" but nevertheless declining to stay pending decision of ACA International and another case).

Gosneigh also argues that she would be prejudiced by a stay because it is uncertain when the D.C. Circuit will rule. See Mancini, 2016 WL 1273185, at *1 (noting that "[a]ny stay would be indefinite"). Furthermore, "there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite — and perhaps lengthy — delay were a stay to be granted here." Schwyhart v. AmSher Collection Servs., Inc., 182 F. Supp. 3d 1239, 1243 (N.D. Ala. 2016). According to Gosneigh, such a

5

delay could lead to an "irreversible loss of needed information," such as original call logs and recordings. (Doc. # 23 at 4). To be sure, regardless of the outcome of ACA International, further discovery will be required and loss of such relevant evidence would prejudice Gosneigh. Cf. Lathrop v. Uber Techs., Inc., No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016)("Even if the D.C. Circuit were to modify or vacate the 2015 FCC Order, factual disputes, such as whether an ATDS was used and whether text recipients provided their consent, will remain here.").

Upon due consideration of these factors, the Court determines that a stay pending the D.C. Circuit's decision in ACA International is unwarranted.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Nationstar Mortgage, LLC's Motion to Stay (Doc. # 20) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 1st day of February, 2017.

                                          VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE